UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

RUDOLFO KORBER,
ADELINA KORBER,

        Plaintiffs,

WAUKESHA MEMORIAL HOSPITAL,
WAUKESHA GENERAL & VASCULAR SURGERY, S.C.,

        Involuntary Plaintiffs,

        v.                                    Case No. 03-C-1416

K.T.M.C. LIMITED PARTNERSHIP,
ALTA HEALTH & LIFE INSURANCE COMPANY,

        Defendants.

_____

## O R D E R

Defendant K.T.M.C. Limited Partnership ("KTMC") filed a motion to dismiss, arguing that 1) no claim may be stated against KTMC under 29 U.S.C. § 1133; 2) the complaint fails to state a claim for breach of fiduciary duty because the complaint does not allege that KTMC was acting in a fiduciary capacity; and 3) the plaintiffs do not seek an appropriate remedy for breach of fiduciary duty. For the reasons stated below, the court grants in part and denies in part KTMC's motion to dismiss.

The plaintiffs do not dispute that KTMC may not be held liable under § 1133. Therefore, the court will grant KTMC's motion to dismiss with respect to any claim premised upon § 1133.

KTMC also argues that the plaintiffs' second amended complaint fails to allege that KTMC was acting in a fiduciary capacity and must therefore be dismissed. It is true that a breach of fiduciary duty claim may only be asserted against a fiduciary. *See Baker v. Kingsley*, 387 F.3d 649, 660 (7th Cir. 2004) ("A claim for breach of fiduciary duty under ERISA is only valid against a 'fiduciary.'"). "[A] 'person is a fiduciary with respect to a plan,' and therefore subject to ERISA fiduciary duties, 'to the extent' that he or she 'exercises any discretionary authority or discretionary control respecting management' of the plan, or 'has any discretionary authority or discretionary responsibility in the administration' of the plan. *Varity Corp. v. Howe*, 516 U.S. 489, 498 (1996); 29 U.S.C. § 1002(21)(A).

Although the plaintiffs' second amended complaint does not explicitly allege that KTMC is a fiduciary, the allegations in the complaint are sufficient to put KTMC on notice of the plaintiffs' claim for breach of fiduciary duty. *See Swierkiewicz v. Sorema,* 534 U.S. 506, 512 (2002); *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (holding that a plaintiff need only "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests"). The plaintiffs

allege that as a "plan administrator," KTMC received notice on October 2, 2001, that the employee welfare benefit plan would expire on January 1, 2002. (Second Amended Complaint, ¶¶ 1, 22-26.) The plaintiffs allege that KTMC failed to provide written notice to the plaintiffs of the discontinuation of the plan and of the denial of their claim for benefits. (*Id.*) The plan language states that the Plan Administrator has "complete authority to control and manage the Plan" and "full discretion to determine eligibility, to interpret the Plan and determine whether a claim should be paid or denied." Affidavit of Patricia Fry, ¶ 2, Ex. A, p. 5. The court will not dismiss the plaintiffs' complaint simply because they did not explicitly refer to KTMC as a fiduciary.

Citing *Baker v. Kingsley*, 387 F.3d 649 (7th Cir. 2004), KTMC also argues that the lack of a "well pleaded allegation of intent to deceive the plan participants" warrants dismissal of the plaintiffs' claim for breach of fiduciary duty. *Id.* at 662. *Baker*, however, did not create an ERISA exception to the notice pleading system in federal courts; rather, it held that the plaintiffs could not state a claim for breach of fiduciary duty against defendants who failed to give reasonable advance notice of termination of an employee welfare benefit plan where those defendants knew that there was a "significant risk" that the plan would be terminated. *See id.* at 660-61. *Baker* does not require that every

complaint alleging breach of fiduciary duty contain any specific language such as "intent to deceive."

Finally, KTMC argues that the plaintiffs seek damages, an unavailable remedy, rather than equitable relief. The plaintiffs request "equitable relief to redress the damages caused to the plaintiffs." (Second Amended Complaint, p. 6.) It is not apparent that the plaintiffs are seeking damages instead of some form of equitable relief. The court will not dismiss the complaint on that basis.

Accordingly,

IT IS ORDERED that KTMC's motion to dismiss be and the same is hereby GRANTED in part and DENIED in part.

Dated at Milwaukee, Wisconsin, this <u>  28th  </u> day of July, 2005.

BY THE COURT:

 s/ J. P. Stadtmueller
J. P. Stadtmueller
U.S. District Judge
