UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

RUDOLFO KORBER,
ADELINA KORBER,

    Plaintiffs,

WAUKESHA MEMORIAL HOSPITAL,

    Involuntary Plaintiff,

    v.           Case No. 03-C-1416

K.T.M.C. LIMITED PARTNERSHIP,
ALTA HEALTH & LIFE INSURANCE COMPANY,

    Defendants.

---

**ORDER**

---

    A mediation is currently scheduled to be conducted in this action on Friday, February 9, 2007. In the order scheduling the mediation the following language appears:

> In addition to counsel who will try the case being present, a person with full settlement authority must likewise be present at the conference. This requirement contemplates the presence of a party or, if a corporate entity, an authorized representative of the party. This requirement contemplates having a person present who can settle the case during the course of the conference without consulting a superior.

    On January 11, 2007, counsel for defendant Alta Health & Life Insurance Company ("Alta") filed a letter with the court requesting that her client be allowed to appear by telephone "as they otherwise would have to travel to here from Colorado."

    I recognize that to travel to Milwaukee for a mediation is inconvenient for any out-of-town party, especially for a party who is located as far away as Colorado. But the trial in this matter is

scheduled for March 12, 2007, and the parties, including Alta, are undoubtedly going to be present at the trial. Thus, one way or another, someone from Colorado is going to be coming to Milwaukee over the course of the next 60 days.

In my experience, the likelihood of a mediation being successful is increased when all parties are present and fully engaged in the process. Allowing a party to participate by telephone decreases the chances for a successful mediation. This is precisely why the above language is included in this court's standard mediation order.

Nevertheless, a review of the docket sheet and the pleadings reveals that all of the parties and their counsel are located in Wisconsin, except for Alta. Thus, it is only Alta that will be required to travel a considerable distance in order to attend the mediation. Such being the case, I will allow a representative of Alta to appear by telephone. I hasten to add, however, that that person must have full authority to settle this case, without the need to consult a superior. That person must also be available telephonically throughout the course of the mediation. Should it be determined during the course of the mediation that such person does not have full authority to settle the case without the need to consult a superior, appropriate sanctions will be imposed on Alta.

**SO ORDERED** this 16th day of January 2007, at Milwaukee, Wisconsin.

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge